CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE

On August 27, 1991, Lane Davis (“Davis”) was operating a vehicle, owned by Robert Davis, and was stopped in a u-turn lane on Power Boulevard'in Metairie, Louisiana. A vehicle being operated by Frederick Smith (“Smith”) approached Davis from behind in the left lane of Power Boulevard. A vehicle being driven by Clifford Fenerty (“Fenerty”) approached in the right lane of Power Boulevard. Fen-erty was intoxicated at the time and he was driving erratically. His vehicle swerved into the left lane and hit Smith’s vehicle. Smith’s vehicle hit a vehicle driven by Louis Fink (“Fink”), causing- Fink’s vehicle to collide with Davis’ vehicle. Davis then collided with the car in front of him driven by Stewart DeBerry. Lane Davis suffered neck injuries as a result of the accident.
Davis filed suit against Fenerty, State Farm Mutual Insurance Company, as Fen-erty’s insurer/Smith, and'Smith’s insurer, Maryland Insurance Company. |sDavis later amended his petition to include State Farm' Mutual Insurance Company as' a defendant, as his own uninsured/underin-sured motorist insurance carrier. A second amending petition was filed adding United Services Automobile Association (“USAA”) as a defendant alleging insurance coverage on the plaintiffs vehicle and claiming damages under the uninsured/un-derinsured motorist coverage. USAA filed a Peremptory Exception claiming that Davis granted a full release to Fenerty and had dismissed him from the lawsuit, therefore, Davis was not entitled to seek exemplary/punitive damages. As a result, USAA argued the insurance policy, issued to Davis, would not provide coverage for the exemplary/punitive damages.
Prior to trial, Davis settled with Fenerty and State Farm, as Fenerty’s insurer for $36,636.29. USAA also tendered $10,000.00 to, Davis under its uninsured/underinsured motorist coverage. A jury trial was held on May 27, 2003. The jury returned a verdict finding Fenerty’s negligence to be a proximate cause of the accident. However, the jury awarded no damages to ■ Davis. The trial judge gave the jury a new verdict form and instructed the jury to re-deliberate. A second verdict was rendered by the jury finding Fen-erty’s negligence was a proximate cause of Davis’ injuries and awarding Davis $5,000.00 for past medical expenses. No general damages or future medical expenses were awarded. The jury further found that Fenerty was intoxicated, but Davis’ injuries were not caused by wanton *58 or reckless disregard for the safety of others or by Fenerty’s drinking. The jury refused to award exemplary/punitive damages. The trial judge again found that the jury verdict was inconsistent. The jury was again given a new verdict form and sent to deliberate. A third jury verdict was returned. The jury found Fenerty’s negligence to be a proximate cause of the accident and awarded Davis $1,000.00 for general damages, $5,000.00 for past medical expenses, and $1,000.00 for future medical expenses. The jury again found that Fenerty was intoxicated, however, the __yury found that Davis’ injuries were not caused by Fenerty’s wanton or reckless disregard for the safety of others or his intoxication. Therefore, no exemplary/punitive damages were awarded.
On June 16, 2003, the trial court made the jury verdict the judgment of the court in favor of Davis and against USAA in the amount of $7,000.00, subject to the credits of $36,636.29 paid by State Farm and $10,000.00 tendered by USAA. The trial court also entered judgment in favor of State Farm as to the claim for exemplary/punitive damages.
Davis then filed a Motion for Judgment Notwithstanding the Verdict, Additur or Alternatively New Trial. He argued that the verdict was inconsistent with the law and evidence presented. He argued that the defendants stated at trial that Fenerty was at fault in the accident, there was evidence that he was intoxicated and witnesses testified that he was driving erratically before he lost control and caused the accident. Therefore, Davis contended that the verdicts, finding that Fenerty’s intoxication was not a cause of the accident, were all inconsistent. Davis also argued that the damage awards were abusively and excessively low. There was a question of whether or not the plaintiff had a herniated or a bulging disc. Davis argued there was no evidence that he hád a problem with his neck before this accident and all of his physicians testified that he was injured as a result of this accident. Finally, Davis argued that punitive damages should have been awarded. Fenerty was intoxicated at the, time of the accident and his intoxication caused the accident. According to eyewitnesses, he was driving recklessly. USAA simply argued at trial that punitive damages would only punish the insurance company and not Fenerty. Davis alleged that USAA’s argument had no merit and the jury’s award of no punitive damages was contrary to the evidence presented at trial.
The trial court granted Davis’ motion for judgment notwithstanding the verdict. Accordingly, the trial court entered judgment in favor of Davis and | ^increased the damage awards to $15,000.00 for general damages, $1,000.00 for past medical expenses and $1,000.00 for future medical expenses. In addition, the trial court awarded $45,000.00 for exemplary/punitive damages.
USAA then filed a Motion for New Trial for Re-Argument Only. Davis also filed a Motion to Amend Judgment, or Alternatively New Trial Limited to Re-Argument. By this motion, Davis was seeking to have names of individuals who did not participate in the trial deleted from the judgment. He also sought to have State Farm cast in judgment for the punitive damages award, rather than USAA and Fenerty.
On November 5, 2003, the trial court denied Davis’ motion for new trial for the purpose of amending the judgment. The trial court granted USAA’s motion for new trial for the purpose of amending the judgment for re-argument only and granted Davis’ motion for new trial for re-argument. The trial court then confirmed the damage awards to Davis in the amounts of $15,000.00 for general damages, $1,000.00 *59 for past medical expenses, and $1,000.00 for future medical expenses. The trial court also added that these damages were subject to a credit for $36,636.29 for the payment by State Farm as liability insurer for Fenerty and a credit for the $10,000.00 tender by USAA. Further, the trial court awarded the plaintiff $45,000.00 in exemplary/punitive damages.
Fenerty and State Farm filed a Motion for New Trial on November 4, 2003. Upon request of State Farm, the trial court provided written reasons for judgment on December 4, 2003. The trial court stated in its reasons that the law allows for a correction of a gross error by the jury when the jury refuses to assign monetary damages that are fully warranted by the law and facts. The trial court granted the JNOV because the evidence was overwhelmingly in favor of the moving party such that reasonable men could not reach a different conclusion. Since the JNOV was granted, the motion for new trial by defendants was denied.
| (¡State Farm now appeals the trial court’s judgment, alleging three assignments of error. First, State Farm alleges the trial court erred in granting Davis’ motion for judgment notwithstanding the verdict because the evidence presented at trial did not establish the elements necessary for an exemplary/punitive damage award pursuant to La. C.C. art. 2315.4. Second, State Farm alleges the trial court erred by awarding excessive exemplary damages in violation of the due process clause of the Fourteenth Amendment of the Constitution of the United States. Finally, State Farm alleges that the trial court abused its discretion by awarding exemplary damages based upon its disapproval of the discretion afforded to the trier of fact, which was the jury.
For the reasons which follow, we find that the trial court correctly granted Davis’ motion for judgment notwithstanding the verdict and affirm the $15,000.00 award for general damages, affirm the trial court’s award of $1,000.00 for past medical expenses, and affirm the $1,000.00 award for future medical expenses. We amend the trial court’s judgment to reverse the punitive damage award of $45,000.00.

DISCUSSION

Judgment notwithstanding the verdict (JNOV) is the procedural device whereby the trial court may correct a legally erroneous verdict by modifying fault or damages, or both, that the jury may have assessed. La. C.C.P. art. 1811; Matthews v. Arkla Lubricants, Inc., et al, 32,121 (La.App. 2 Cir. 8/18/99), 740 So.2d 787. JNOV is a question of whether the jury verdict, as a matter of law, is supported by any legitimate or substantial evidence. Id. To determine that the evidence was insufficient as a matter of law, warranting JNOV, requires a finding that no valid line of reasoning and permissible inferences could possibly lead rational persons to the conclusion reached by the jury. Id. On an appeal of a ruling on a motion for JNOV, what the appellate court reviews is the decision of the trial |7judge, who has attempted to balance the great deference afforded to the jury’s verdict against his obligation to insure that substantial justice was accomplished. Id.
The standard of review for a JNOV on appeal is a two part inquiry: first, the appellate court must determine if the trial court erred in granting the JNOV, which is done by using the same criteria used by the trial judge in deciding whether to grant the motion; second, after determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review. *60 Martin v. Heritage Manor South Nursing Home, 00-1023 (La.4/3/01), 784 So.2d 627.
In determining whether the trial court erred in granting JNOV as to quantum, the appellate court uses the same standard as the trial court used in its initial determination, i.e., fact that jury-award was either abusively high or abusively low. If the answer is affirmative, the trial court erred and the jury’s damage award should be reinstated. If the answer is negative, the trial court’s damage award, based on its independent assessment of damages, is reviewed on appeal under relevant constraints. Orgeron v. Prescott, 93-926 (La.App. 5 Cir. 4/14/94), 636 So.2d 1033, rehearing denied, writ denied, 94-1895 (La.10/28/94), 644 So.2d 654. After determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews a judgment notwithstanding the verdict using manifest error standard of review. Dufrene v. Insurance Co. of State of Pennsylvania, 01-47 (La.App. 5 Cir. 5/30/01), 790 So.2d 660, rehearing denied, writ denied, 01-2261 (La.11/16/01), 802 So.2d 611, writ denied, 01-2308 (La.11/16/01), 802 So.2d 613. In reviewing a grant of a motion for judgment notwithstanding the verdict on issues of liability and damages for personal injury action, the court of appeal must examine the record to determine whether the trial judge’s conclusions on liability and quantum were manifestly erroneous. Robertson v. Penn., 472 So.2d 927 (La.App. 1 Cir.1985), writ denied, 476 So.2d 353 (La.1985).
We find that the trial court correctly granted JNOV, correctly increased the general damage award, correctly decreased the past medical expense award, and correctly sustained the jury’s award for future medical expenses. We agree with the trial court that the jury verdicts were inconsistent and the jury failed to award Davis general damages simply because they did not like him, not based on the evidence. The jury award of $1,000.00 for general damages was abusively low. Davis suffered a neck injury in the accident. He received medical treatment for this injury from the time of the accident until approximately April 2001. An MRI was performed on September 21, 1995. That MRI showed a herniation of the C4-5 disc. Some of Davis’ physicians referred to this abnormality as a “bulging” disc. Another MRI was performed on June 20, 1997. That MRI showed that the herniation of the C4-5 disc had improved, however, there was a herniation of the C6-7 disc.
Davis was treated by Dr. Bruce Razza .from October 31, 1995 until March 27, 2001. As of his last visit on March 27, 2001, Davis still complained of neck and shoulder pain. Dr. Razza’s diagnosis remained the same. He found Davis to be suffering from a cervical disc herniation and rotator cuff tendonitis. Dr. C. Millet of Southern Orthopaedic Specialist also treated Davis. Davis’ last visit with Dr. Millet was on April 18, 2001. On that date, Davis complained of neck and left shoulder pain.
Two independent medical examinations were performed. First, Davis was seen by Dr. Richard Levy, a neurosurgeon on February 13, 1996. Dr. Levy reviewed the 1995 MRI. He noted a bulge at the C4-5 level. In his deposition, he states that a physician could not reasonably relate the ruptured C6-7 disc found in [3the 1997 MRI to the 1991 accident. He further opined that he would expect a full recovery from this cervical sprain injury and no further treatment was necessary.
Second, Davis was seen by Dr. James Williams, an orthopedic surgeon. Dr. Williams also reviewed the MRI reports from the 1995 and 1997 MRI’s. Dr. Williams states there was a bulging disc at *61 the C4-5 level which appeared on the 1995 MRI. That disc bulge was gone in the 1997 MRI. Dr. Williams states he did not find the disc to be herniated. Dr. Williams also stated in his deposition that the accident could not have caused the bulge at C6-7 because it did not show up on the 1995 MRI. That bulge only showed up six years after the accident, on the 1997 MRI.
Based on the above medical testimony presented at trial, we find that Davis did suffer a neck injury as a result of the accident and based on the MRI’s, he suffered at least one disc herniation. Neither surgery, nor invasive testing, was necessary. However, Davis did seek treatment for his injury sporadically for ten years. Therefore, we agree with the trial court that Davis is entitled to more than $1,000.00 in general damages for his injury. This jury award is abusively low and the trial court correctly granted judgment notwithstanding the verdict and correctly increased the award to $15,000.00.
Further, we agree with the trial court’s awards of $1,000.00 for past medical expenses and $1,000.00 for future medical expenses. As a result, we affirm the trial court’s awards of $15,000.00 for general damages, $1,000.00 for past medical expenses, and $1,000.00 for future medical expenses.
However, we disagree with the trial court’s award of punitive damages. The defendants stipulated that Fenerty was at fault in the accident. According to La. C.C. art. 2315.4, in order to be awarded exemplary/punitive damages, the plaintiff must prove that the injuries that form the basis of the lawsuit were caused by a wanton or reckless disregard for the rights and safety of others by a defendant Lnwhose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries. Fenerty was intoxicated at the time of the accident. However, Davis failed to prove at trial that Fenerty’s intoxication was a cause in fact of Davis’ injuries. Dr. Monroe Samuels testified at trial that Fenerty was impaired at the time of the accident. However, he could not say that the alcohol, or Fenerty’s impairment by alcohol, was a cause in fact of the accident. Dr. Samuels is an expert in the field of pathology and toxicology. He reviewed the police report and Fenerty’s deposition in preparation for his testimony. Therefore, the jury could reasonably have found that Fenerty’s intoxication was not a cause in fact of Davis’ injuries and, thus, Davis was not entitled to punitive damages. As a result, we find that the trial court abused its discretion by granting judgment notwithstanding the verdict as to this issue and awarding $45,000.00 in punitive damages to Davis. We reinstate the jury verdict regarding this issue and award no punitive damages to Davis.
In accordance with the above, we affirm the trial court’s grant of the judgment notwithstanding the verdict in favor of the plaintiff as to the general damage and medical expense awards. We affirm the trial court’s awards of $15,000.00 for general damages, $1,000.00 for past medical expenses, and $1,000.00 for future medical expenses. We also amend the trial court’s judgment, reinstate the jury’s verdict in regards to the issue of punitive damages, and find that Davis is not entitled to punitive damages.

JUDGMENT AMENDED; AS AMENDED, AFFIRMED.